UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARRYL McGORE,

        Plaintiff,                                Hon. Janet T. Neff

v.                                            Case No. 1:10 CV 115

UNKNOWN JOHNSON, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant's Motion to Vacate *In Forma Pauperis* Status. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

        Plaintiff initiated this action on February 5, 2010. On March 31, 2010, the Court granted Plaintiff's motion to proceed as a pauper, despite the fact that Plaintiff has "three strikes" within the meaning of 28 U.S.C. § 1915(g). (Dkt. #4). The Court concluded that "[t]he allegations of imminent danger set forth in the complaint are sufficient to meet the statutory exception to the three strike rule." Accordingly, the Court permitted Plaintiff to proceed as a pauper. *Id.* Defendants now move to revoke Plaintiff's *in forma pauperis* status.

        In his complaint, Plaintiff asserted that he was subject to a "steady and constant threat" from his cellmate, an inmate named Rasmussen. Plaintiff asserts that Defendants refused to move him to another cell, thereby subjecting him to "imminent danger" of serious bodily harm. The Court interpreted Plaintiff's allegations as indicating that he faced this threat of bodily harm as of the date he filed his complaint. *See, e.g., Peoples v. Gilbert*, 2001 WL 1219070 at *2 (E.D. Mich., Sept. 14, 2001)

("[t]he imminent danger exception to the 'three strikes' rule contained in 28 U.S.C. § 1915(g) may be invoked by a prisoner only to seek relief from a danger which is imminent at the time that the complaint is filed").

Defendants assert that Plaintiff's *in forma pauperis* status must be revoked because Plaintiff was, in fact, moved to another cell more than two months before he initiated the present action. Defendants have submitted evidence that Plaintiff and Rasmussen were assigned to the same cell on November 11, 2009. (Dkt. #49, Exhibit A). On December 3, 2009, Rasmussen was transferred to a different cell on the second floor of the facility. On December 10, 2009, Plaintiff was transferred to another cell on the first floor of the facility, separate from the cell in which Rasmussen was housed. On December 22, 2009, Plaintiff was placed in a single person cell, where he remained until well after the initiation of this action. *Id.* In sum, the evidence establishes that the last date on which Plaintiff and Rasmussen shared a cell was December 3, 2009, more than two months before Plaintiff initiated this action. Plaintiff has submitted absolutely no evidence refuting that submitted by Defendants.

In light of the evidence submitted, the Court finds that Plaintiff's action does not fall under the exception for an inmate subjected to "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). While the PLRA does not define the phrase "imminent danger," it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. Imminent is defined as "[n]ear at hand. . .impending; on the point of happening; threatening, menacing, perilous. . .something close at hand, something to happen upon the instant. . .and on the point of happening." Black's Law Dictionary, 514-15 (6th ed. 1991). Imminent is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." Webster's Third New International Dictionary, 1130 (1976). Imminent danger is defined as "such an appearance of threatened

and impending injury as would put a reasonable and prudent man to his instant defense." Black's Law Dictionary, 515 (6th ed. 1991). In a recent decision, the Sixth Circuit observed:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible').'"

*Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (internal citations omitted).

Plaintiff asserts that he was subject to a "steady and constant threat" from his cellmate, Rasmussen. Plaintiff asserts that Defendants refused to move him to another cell, thereby subjecting him to "imminent danger" of serious bodily harm. As the evidence reveals, however, Plaintiff was separated from Rasmussen more than two months before this action was initiated and remained in a separate cell long thereafter. The Court concludes, therefore, that as of the date Plaintiff filed his complaint he was not subject to imminent danger of serious bodily harm. Accordingly, the undersigned recommends that Defendants' motion be granted and Plaintiff's *in forma pauperis* status be revoked.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Vacate In Forma Pauperis Status, (dkt. #13), be **granted** and Plaintiff's *in forma pauperis* status be revoked. The undersigned further recommends that if this recommendation is adopted by the Honorable

Janet T. Neff, that Plaintiff be required to submit the entire $350.00 filing fee[1] within thirty (30) days of the date of such Order and that if Plaintiff fails to do so this action be dismissed. Any such dismissal will not, however, negate Plaintiff's obligation to pay the filing fee in full.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 18, 2010　　　　　　　　　　　　　　/s/ Ellen S. Carmody
　　　　　　　　　　　　　　　　　　　　　　　ELLEN S. CARMODY
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] The Court's records indicate that Plaintiff has not yet made any partial payments in satisfaction of the filing fee. Thus, the entire amount remains outstanding.